**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| TINA R. MARINE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-cv-221 (WLS) |
| | : | |
| MURPHY OIL USA, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court is "Plaintiffs' Motion to Remand and Brief in Support," filed on November 24, 2020, and Defendant Melissa Smart's "Motion to Dismiss Plaintiffs' Complaint and Incorporated Brief," filed on November 13, 2020. (Docs. 13, 7.) Plaintiffs Tina and Aaron Marine ask that this Court remand Defendants' Notice of Removal, which removed the above-styled action from Superior Court of Lowndes County, Georgia, on the grounds that removal was improper due to this Court's lack of subject matter jurisdiction. (*Id.*) Defendants claim in response that Defendant Smart was fraudulently joined as a party to the action and that removal is proper. (Doc. 14.) Defendant Smart seeks dismissal of the claims against her based on an alleged failure to state a claim for relief. (Doc. 7.) After a review of the arguments, record, and relevant authorities, the Court herein finds that Defendant Smart was properly joined to the complaint and therefore **REMANDS** the case to the Superior Court.

**PROCEDURAL HISTORY**

On October 7, 2020, Plaintiffs Tina and Aaron Marine filed a premises liability action against Defendants Murphy Oil USA, Inc. ("Murphy Oil") and Melissa Smart ("Smart") in the Superior Court of Lowndes County, Georgia. (Doc. 1-1.) Defendants timely removed this

action from state court on November 6, 2020. (Doc. 1.) In a footnote in the Notice of Removal, Defendants stated that they anticipated filing a motion to dismiss claims again Defendant Melissa Smart[1] for failure to state a claim. (*Id.* at 3.) Defendants indeed filed a motion to dismiss on November 13, 2021. (Doc. 7.) However, Plaintiffs filed the instant motion to remand the action back to state court on November 24, 2020. (Doc. 13.)

## DISCUSSION

Federal courts are courts of limited jurisdiction. District courts may hear only cases in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Congress has granted federal district courts jurisdiction to hear diversity-of-citizenship cases, that is, cases in which (a) each of the plaintiffs are citizens of states different from the states where the defendants are citizens and (b) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Congress has also granted federal courts jurisdiction to hear cases which "aris[e] under" federal law, thus creating "federal question" jurisdiction. 28 U.S.C. § 1331. Generally, a defendant may remove a civil action filed in state court to the federal court in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1446(c), however, this Court must remand any action in which the Court lacks subject matter jurisdiction. "Because removal jurisdiction raises significant federalism concerns, . . . all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In cases where removal jurisdiction is based on diversity, the Court must consider certain constraints prescribed though Rules of Civil Procedures. For the Court to accept a case on removal, in addition to complete diversity between each plaintiff and each defendant, none of the properly joined and served defendants may be a citizen of the state in which the action is filed. 28 U.S.C. § 1441(b)(2); *see also Caterpillar, Inc., v. Lewis*, 519 U.S. 61, 68 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant …may remove the action to federal court,…provided that no defendant 'is a citizen of the State in which such action is

---

[1] Defendant Smart is mistakenly referred to as Melissa "Mark" in the original complaint.

brought[.]"). The burden of establishing that federal jurisdiction is appropriate rests with the defendant. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005.)

Defendants timely removed this action from state court on November 6, 2020, thirty days after the complaint was filed in state court, invoking jurisdiction through diversity of citizenship. (Doc. 1.) Defendant Smart filed a motion to dismiss seven days later on November 13, 2021. (Doc. 7.) Plaintiffs now contend that removal is inappropriate because Defendant Smart is a citizen of the state of Georgia, and therefore the Court may not exercise jurisdiction pursuant to 28 U.S.C. § 1441(b)(2). (Doc. 13.)

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). To prove fraudulent joinder, the Defendants must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Parker v. Goshen Realty Corp.*, No. 5:11-CV-136-MTT, 2011 WL 3236095, at *1 (M.D. Ga. Jul. 28, 2011) (*quoting Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Establishing fraudulent joinder is a heavy burden; "[w]here a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T, Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "The determination of whether a resident defendant has been fraudulently joined must be based upon the Plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Id.* (citation omitted). The Court must evaluate the factual allegations presented "in the light most favorable to the plaintiff and resolve any uncertainties in the applicable law in the plaintiff's favor." *Id.*

In this case, Plaintiffs assert liability to Defendant Smart statutorily through Georgia statute O.C.G.A. § 51-3-1. Pursuant to § 51-3-1, an "owner or occupier of land" is liable to an invited person who sustains injury caused by a failure to exercise ordinary care in keeping a premises safe. Plaintiffs assert that as the manager of the service station where Plaintiff Tina Marine slipped, fell, and was injured, Defendant Smart qualifies as an "owner or occupier" under § 51-3-1.

This Court has previously discussed the definition of an "owner and occupier" in regards to claims brought pursuant to § 51-3-1 and have held that the term may include store managers. Generally, an "owner and occupier" is "a person who maintains a place of business to sell goods or services" that may also be "responsible for inspecting, maintaining, and repairing the premises on behalf of a store's owner. *Ott v. Wal-Mart Stores, Inc.*, No. 5:09-CV-00215-HL, 2010 WL 582576, at *2 (M.D. Ga. Feb. 16, 2010) (citations omitted). Courts have customarily found that the exertion of "some level of supervisory control will be sufficient to include a store manager within the § 51-3-1 definition of "owner or occupier." *Id.*; *Poll v. Deli Mgmt., Inc.*, No. 1:07-CV-0950, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007). For example, "Georgia courts have extended liability to managers charged with maintenance duties, other maintenance contractors, and security personnel." *Brown v. W.R.I. Retail Pool I, L.P.*, No. 1:13-cv-00378-JOF, 2013 WL 12068985, at * 4–*5 (N.D. Ga. Jul. 15, 2013).

Defendant Smart argues that she does not meet this definition under § 51-3-1 because she was not present at the scene, was not in control of the property, and is not an owner of the property when Plaintiff Tina Marine was injured. (Docs. 7; 14.) In support of this argument, Defendant provided an affidavit wherein she corroborated her argument in a sworn statement indicating that she was not present or supervising the gas station at issue at the time Plaintiff Tina Marine was injured.[2] (Doc. 14-1.) Relying on the case of *Adams v. Sears, Roebuck & Co.* and *Anderson v. Atlanta Comm. for the Olympic Games, Inc.*, and the statements in her affidavit, Defendant Smart argues that she did not owe any duty to the Plaintiffs. (*Id.*) However, the Court finds these arguments unpersuasive.

As this Court has previously acknowledged, reliance on *Adams v. Sears, Roebuck & Co.* and *Anderson v. Atlanta Comm. for the Olympic Games, Inc.* for the purposes of proving a lack of liability for a store manager under § 51-3-1 is not a slam dunk, especially when employed for the purposes of challenging a motion to remand or dismiss. *See Parker v. Goshen Realty Corp.*,

---

[2] Defendant Smart's affidavit states in pertinent part that she was employed as store manager at the Murphy Oil, Inc. gas station where Plaintiff was injured on October 17, 2018; that she does not own or occupy the property where the gas station is located; that she was not on-duty or present when Plaintiff was injured; that she was not supervising the property or any employee of the gas station at the time Plaintiff was injured; that she was not responsible for inspecting, cleaning, or repairing the property when Plaintiff was injured; and that she did not have the authority to create or change any of Murphy Oil USA, Inc.'s rules or procedures. (Doc. 14-1.)

No. 5:11-CV-136-MTT, 2011 WL 3236095, at *3 (M.D. Ga. Jul. 28, 2011); *Ott v. Wal-Mart Stores, Inc.*, No. 5:09-CV-00215-HL, 2010 WL 582576, at *3 (M.D. Ga. Feb. 16, 2010). The Georgia Court of Appeals and Georgia Supreme Court, respectively in *Adams* and *Anderson*, affirmed summary judgments concluding that the individual defendants in those cases operating in managerial capacities did not fall under the category of "owners and occupiers" under § 51-3-1. 490 S.E.2d 150, 153 (Ga. Ct. App. 1997); 537 S.E.2d 345, 350 (Ga. 2000). The decisions in *Adams* and *Anderson*, however, are "limited to the specific facts of those cases" (notably appeals brought on summary judgement and not motions to dismiss) and "do not supply a hard and fast rule of law to which no exceptions apply." *Parker*, 2011 WL 3236095, at *3. And further, it has been repeatedly acknowledged that uncertainty exists as to whether a store manager may be held liable under O.C.G.A. § 51-3-1 as an "owner or occupier" or as an *agent* of an owner or occupier. *Id.*; *Poll*, 2007 WL 2460769, at *7. Granted, as Judge Treadwell of this Court has previous explained, "[t]hat is not to say that merely including a resident store manager as a Defendant will always be enough to prevent removal" when a case is brought pursuant to § 51-3-1. *Parker*, 2011 WL 3236095, at *3. But like Judge Treadwell determined of the claims in the case of *Parker v. Goshen Relty Corp.*, this Court is unable to say conclusively that there is "no possibility" that Plaintiffs' complaint states a viable cause of action against Defendant Smart. *See id.*

Defendant's affidavit, motion for remand, and motion to dismiss each explain that Defendant Smart was not present at the time of Plaintiff Tina Marine's injuries. However, none of these filings detail Defendant Smart's duties as store manager or whether those duties specifically apply based on whether she was present at the gas station or not. The fact that Defendant Smart was not present at the property at the time that Plaintiff slipped, fell, and was injured alone does not absolve her of potential liability. *Id.* at *2, *5. Without more information—including details about the incident, the policies and procedures of the Murphy Oil USA gas station, the duties and responsibilities of a Murphy Oil USA store manager—it is seemingly impossible to determine that there is no possibility of recovery against Defendant Smart at this stage of litigation.

In reviewing the pleadings, affidavit, and allegations in the light most favorable to the Plaintiffs, the Court finds that Defendant Smart was properly joined to the action and that remanding this case to the Superior Court of Lowndes, County, Georgia is appropriate. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Pacheco de Perez v. AT&T, Co.*, 139 F.3d at 1380. Defendant Smart has failed to establish that Plaintiffs cannot establish at cause of against her and therefore the Court does not find evidence of fraudulent joinder. *Crowe v. Coleman*, 113 F.3d at 1538; *Parker*, 2011 WL 3236095, at *1. Because Plaintiffs have stated a plausible claim against Defendant Smart, a resident of the state of Georgia, remand is necessary under law. 28 U.S.C. § 1441(b)(2); *Caterpillar, Inc., v. Lewis*, 519 U.S. at 68.

## CONCLUSION

Accordingly, Plaintiffs' "Motion to Remand and Brief in Support" (Doc. 13) is **GRANTED**. This matter is hereby **REMANDED** to the Superior Court of Lowndes, County, Georgia. Because this matter is remanded, the Court **DENIES** Defendant Smart's Motion to Dismiss (Doc. 7) without prejudice.

**SO ORDERED**, this 20th day of September 2021

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**